**Michael Fuller, Oregon Bar No. 09357**
Lead Special Counsel for Plaintiff
**David Johnson, Oregon Bar No. 123553**
Of Special Counsel for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Audrey Tortolani<br>dba Aesthetic Advancements NW, Inc.<br>dba Body Shop North West Corp.<br><br>    Debtor. | Case No. 15-33914-pcm13<br><br>Adv. Proc. No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY**<br><br>11 U.S.C. § 523(a)(2), (4), and/or (6)<br>Fed. R. Bnkr. P. 7001(6) |
| **DARCY ARNALL**,<br><br>    Plaintiff,<br><br>  v.<br><br>**AUDREY TORTOLANI**,<br><br>    Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 1 of 14

1.

## JURISDICTION

The United States District Court for the District of Oregon has jurisdiction of this action pursuant to 28 U.S.C. § 1334 because this adversary proceeding arises under Title 11.

2.

The United States Bankruptcy Court for the District of Oregon has jurisdiction of this action pursuant to 28 U.S.C. § 157 and LR 2100-1 because the controversy arises in the individual bankruptcy case of Audrey Tortolani ("defendant") filed under Chapter 13 of Title 11, case number 15-33914-pcm13, filed in this United States Bankruptcy Court for the District of Oregon in Portland before the Honorable Judge Peter McKittrick.

3.

Venue is proper in this district because Darcy Arnall ("plaintiff") and defendant reside here, and a substantial part of the acts, events, and/or omissions giving rise to this controversy took place in this district.

4.

## NATURE OF CLAIM

Plaintiff's claim is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) because it concerns a determination as to the dischargeability of the debt defendant owes plaintiff. Plaintiff consents to entry of final orders and judgment by the bankruptcy judge in this proceeding.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 2 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

5.

## THE PARTIES

Defendant is an individual debtor in a personal bankruptcy filed under Title 11 and is a natural person doing business as Aesthetic Advancements NW, Inc. and Body Shop North West Corp.

6.

Plaintiff is a natural person owed debt by defendant as a result of defendant's willful and malicious breach of contract, wrongful termination, wage and hour violations, fraud, conversion, and slander.

7.

## FACTUAL ALLEGATIONS

On August 13, 2015, defendant filed bankruptcy in a bad faith attempt to avoid entry of judgment against her in a state court jury trial pending in Clackamas County, case number CV14080637.

8.

In mid-2011, plaintiff met defendant and learned that defendant was looking for an assistant to help grow her business, a non-surgical cosmetic medicine practice, which was at that point unregistered as a corporation.

9.

Plaintiff was not interested in working in the medical cosmetics industry; however, defendant was charismatic and persuaded plaintiff to work for defendant, who was doing

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 3 of 14

business as Aesthetic Advancements NW. Plaintiff began working on an hourly trial basis beginning in October 2011. Plaintiff was titled as an "employee," and was paid twice per month.

10.

A permanent employment agreement was subsequently negotiated over many text messages and emails. Defendant ultimately convinced plaintiff to commit to working as an employee under a two-year contract, for a salary of $50,000.00 per year, beginning in November 2011. Plaintiff's compensation was to include 70% of her health insurance costs, a cell phone allowance, sales commissions, and free products and treatments. Since plaintiff was an employee, the required taxes would be deducted from plaintiff's direct deposited income of $50,000. These terms were memorialized in email.

11.

Plaintiff managed the office, and handled tasks as various as advertising, sales, scheduling, ordering product, furnishing the office, paying bills, dealing with negative press and unhappy customers, and re-incorporating Aesthetic Advancements NW with the secretary of state. Defendant never advised plaintiff that her work was deficient.

12.

As the parties' work together continued, their relationship became strained because defendant's business practices were unethical and illegal. Defendant required plaintiff to lie to clients on a regular basis about a variety of matters. Additionally, plaintiff expressed concern about defendant's non-compliance with state and federal laws regarding the sale, use, and distribution of both prescription drugs and medical cosmetics regulated by such laws.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 4 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

13.

This conflict culminated with defendant's firing plaintiff sometime after November 15, 2012 without good cause. Plaintiff's final paycheck was issued in the regular course of business on November 30, 2012, more than one business day after her termination, and did not contain all amounts due and owing.

14.

Plaintiff did not materially breach her employment contract with defendant, nor was she unable to satisfactorily perform a material part of the promised work. Plaintiff ran the office extremely well, made sales that increased revenue for defendant, and was never disciplined for mistakes or dishonesty. Rather, defendant fired plaintiff for her insistence on honest and lawful business practices.

15.

Defendant maliciously breached the parties' employment agreement by terminating plaintiff's employment without cause. As a result of that malicious breach, plaintiff was damaged in the following amounts: not less than $58,185.00 in wages, representing $8,185.00 for the remainder of the first year of her contract, $50,000.00 for the second year of her contract, and an amount to be determined for the remaining consideration of the contract, which included insurance costs, cell phone costs, and lost treatments and commissions.

16.

Additionally, defendant willfully breached the parties' employment agreement in the following respects: by failing to pay employer's portion of Social Security and Medicare taxes, as required by law and by the employment contract, by failing to withhold and pay plaintiff's

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 5 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

portion of Social Security and Medicare taxes, as required by law and by the employment contract, and by failing to withhold and pay plaintiff's state and federal income taxes from her paychecks, as required by law and by the employment contract.

17.

When plaintiff was not issued a 1099 or W-2 form at the end of 2011, she was forced to report the total sum of her direct deposits as income, and was taxed on that income.

18.

As a result of defendant's malicious breach of contract and fiduciary duty to plaintiff, plaintiff was damaged in the amount of not less than $8,915.00 in federal income tax, Social Security, and Medicare liability, which she paid in 2012.

19.

Defendant fired plaintiff in November 2012 for her insistence on honest and lawful business practices. Plaintiff did not want to lie to customers, and plaintiff protested defendant's noncompliance with state and federal laws regarding the sale, use, and distribution of both prescription drugs and medical cosmetics regulated by such laws.

20.

Plaintiff's complaints to defendant, her threats to report defendant to the authorities, and her actual reports to the authorities about defendant's statutory and regulatory violations were made in good faith and were objectively reasonable.

21.

Plaintiff was terminated in retaliation for fulfilling a public duty or societal obligation.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 6 of 14

22.

Plaintiff was damaged in the amount of not less than $58,185.00, representing $8,185.00 for the remainder of the first year of her contract, $50,000.00 for the second year of her contract, and an amount to be determined for the remaining consideration of the contract, which included insurance costs, cell phone costs, and lost treatments and commissions.

23.

As a result of her wrongful termination, plaintiff also has suffered and continues to suffer from anxiety, humiliation, insomnia, fear, hypersensitivity, insecurity, and mental distress. Her non-economic damages amount to $50,000.00 or an amount to be proven at trial.

24.

Plaintiff intends to move the Court to allow the award of punitive damages under common law for with acting with malice or a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others.

25.

Defendant terminated plaintiff sometime after November 15, 2012. Plaintiff's final paycheck was issued in the regular course of business on November 30, 2012, more than one business day after her termination, and did not contain all amounts due and owing.

26.

When defendant terminated plaintiff, defendant willfully failed to pay all wages due and owing to plaintiff within 24 hours per ORS 652.140. These sums included a cell phone allowance of $64.57, and withheld wages in the amount of $8,915.00 that defendant originally

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 7 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

Case 15-03170-pcm    Doc 1    Filed 10/15/15

promised would be used to pay income taxes, Social Security, and Medicare, but were in fact never forwarded to the tax authorities. These withholdings are thus due and owing to plaintiff.

27.

Plaintiff submitted written notice of the non-payment of these wages in the form of emails and text messages, as well as a formal demand letter; defendant was therefore on formal notice of her wage and hour claim.

28.

Pursuant to ORS 652.150, plaintiff is entitled to penalty wages in the amount of $5,769.60, calculated by multiplying her hourly rate of $24.04 by 8 hours per day for 30 days.

29.

Pursuant to ORS 652.200, plaintiff is entitled to her reasonable costs and attorney fees for bringing this action.

30.

Defendant knowingly made false representations of material fact to plaintiff when she negotiated the employment agreement with her. Specifically, defendant represented that she was leaving her previous employer to start a bigger business of her own, that AANW was a respectable and legitimate business that intended to make every effort to comply with all state and federal laws and guidelines for patient safety and well-being, and that it would be to plaintiff's financial and professional advantage to commit to two years of employment with defendant.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 8 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

Case 15-03170-pcm    Doc 1    Filed 10/15/15

31.

Defendant's representations above were false because defendant was asked to leave her former employment due to suspicions of drug use, continued to have problems with drug use while running AANW and performing cosmetic treatments on clients, did not intend to make a good faith effort to comply with the laws and regulations concerning medical cosmetics, and did not intend to make a good faith effort to meet her obligations to plaintiff, and in fact intended to defraud and abuse plaintiff from the beginning of their relationship.

32.

Plaintiff did in fact rely on defendant's representations above, and plaintiff was damaged as a result. Specifically, plaintiff was summarily fired without good cause in November 2012.

33.

Plaintiff was also damaged non-economically in an amount to be determined at trial, but not less than $25,000.00 in mental distress damages for anxiety, humiliation, insomnia, fear, hypersensitivity, and insecurity.

34.

Defendant also knowingly made false representations of material fact to plaintiff when she represented to plaintiff that her bank was withholding and paying Medicare, Social Security, and state and federal income taxes out of plaintiff's wages. Defendant "withheld" taxes, but did not forward the withholdings to the IRS. Rather, she converted them to her own purposes.

35.

When plaintiff was not issued a 1099 or W-2 form at the end of 2011, she was forced to report the total sum of her direct deposits as income, and was taxed on that income.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 9 of 14

36.

As a result of defendant's malicious breach of contract and fiduciary duty to plaintiff, plaintiff was damaged in the amount of not less than $8,915.00 in federal income tax, Social Security, and Medicare liability, which she paid in 2012.

37.

Plaintiff was damaged non-economically in an amount to be determined at trial, but not less than $25,000.00 in mental distress damages for anxiety, humiliation, insomnia, fear, hypersensitivity, and insecurity.

38.

On or about Friday, December 14, 2012, plaintiff discovered that defendant had used plaintiff's work computer to view plaintiff's personal Hotmail email inbox, and delete plaintiff's emails that referenced or related in any way to the parties' employment contract.

39.

Plaintiff had an exclusive right to the undisturbed possession of the contents of her email inbox. This willful and malicious destruction of plaintiff's chattel by defendant constituted a complete interference with plaintiff's rights of ownership.

40.

Plaintiff's email had economic value to her as a memorialization of the contract between plaintiff and defendant. Plaintiff was damaged in an amount to be proven at trial, but not less than the contract damages alleged above, and $25,000.00 in mental distress damages for anxiety, humiliation, insomnia, fear, hypersensitivity, and insecurity.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 10 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

41.

Additionally, on or about tax season, 2013, plaintiff discovered that she owed state and federal income taxes. Defendant had been withholding a portion of her wages from every paycheck to meet this obligation, but apparently had not been forwarding the withholdings from her wages to the government.

42.

Plaintiff had an exclusive right to the undisturbed possession of her wages. She gave defendant license to withhold a portion of her wages for the payment of state and federal taxes. Defendant willfully and intentionally withheld a portion of her wages, according to that license, but did not pay the taxes. Instead, defendant converted the funds to her own use. This constituted a complete interference with plaintiff's rights of ownership.

43.

Plaintiff was damaged in an amount to be determined at trial, but not less than $8,915.00 in damages, which represents income taxes, Medicare, and Social Security withheld but not forwarded to the tax authorities, and $25,000.00 in mental distress damages for anxiety, humiliation, insomnia, fear, hypersensitivity, and insecurity.

44.

After defendant terminated plaintiff's employment, defendant began making false statements about plaintiff to clients, employees (including the current office manager Beth Livingston, and other third parties (such as plastic surgeons Dr. Michael Bohley and Dr. Ronald DeMars). Defendant continued to make those statements up to the date of the filing and service of the state court complaint, and they include statements that plaintiff was an incompetent

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 11 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

Case 15-03170-pcm    Doc 1    Filed 10/15/15

employee, plaintiff was and is trying to destroy her business, plaintiff is a liar and a con-artist, plaintiff does not hold a degree, when she actually has three masters degrees and postgraduate work, plaintiff is mentally unstable and has dangerous tendencies, and plaintiff has committed theft and criminal harassment.

45.

Plaintiff learned about this slander at various times within the past year from clients with whom she was still friendly, from clients who reached her on her personal cell phone when trying to call AANW, and from others who simply got in touch with plaintiff because they were disturbed by defendant's statements. On or shortly after the date on which defendant was served with the state court lawsuit, plaintiff received over twenty missed calls and messages from current clients of defendant.

46.

These statements ridiculed plaintiff, diminished the esteem, respect, goodwill or confidence in which clients and others held her, or otherwise caused the customers to feel negatively towards plaintiff. The same well-established clients of defendant and AANW are businesspeople with who plaintiff continues to have professional and personal relationships, and plaintiff never knows when she might meet someone who has a preconceived notion of "Darcy Arnall."

47.

Every statement made by defendant was defamatory per se because it injured plaintiff in her business or profession, it implied that plaintiff was guilty of criminal conduct, and it was a false statement regarding her ability to perform her job functions.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 12 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

48.

As a result of defendant's pattern of slander which has been present since November, 2012 until present, plaintiff has suffered and continues to suffer from anxiety, humiliation, insomnia, fear, hypersensitivity, insecurity, and mental distress. Plaintiff's non-economic damages amount to $50,000.00 or an amount to be proven at trial.

49.

## CAUSE OF ACTION

## CLAIM ONE

(For determination that plaintiff's claim is non-dischargeable)

(11 U.S.C. § 523(a)(2), (4), and/or (6))

Plaintiff incorporates the above allegations by reference.

50.

Defendant's conduct as alleged above entitles plaintiff to a state court money judgment for damages in favor of plaintiff against defendant in the amount of $272,934.17, plus an award for her reasonable attorney fees and costs, pursuant to ORS 652.200.

51.

As alleged above, plaintiff's damages arose from false pretenses, false representations, and/or actual fraud (under 11 U.S.C. § 523(a)(2)(A)), from fraud or defalcation while defendant was acting in a fiduciary capacity (under 11 U.S.C. § 523(a)(4)), and/or from willful or malicious injury by defendant (under 11 U.S.C. § 523(a)(6)), and so the state court money judgment entered in favor of plaintiff against defendant should be determined non-dischargeable under 11 U.S.C. § 523.

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 13 of 14

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

52.

**WHEREFORE**, plaintiff prays for judgment that her state court action against defendant is determined non-dischargeable, and for any other equitable relief this Court may determine is fair and just.

DATED: October 15, 2015

/s/ Michael Fuller
**Michael Fuller, Oregon Bar No. 09357**
Lead Special Counsel for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**COMPLAINT TO DETERMINE DISCHARGEABILITY** - Page 14 of 14